IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| GEORGE R. COHN,<br><br>        Plaintiff,<br><br>    v.<br><br>DAN SMITH,<br>*Deputy and Acting Director NPS*,<br><br>        Defendant. | Case No. 18-cv-00487-DKW-KSC<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (3) DENYING MOTION FOR APPOINTMENT OF COUNSEL**[1] |

On December 12, 2018, Plaintiff George R. Cohn, proceeding pro se, filed a Complaint against Dan Smith, as the Deputy and Acting Director of the National Park Service (NPS). Dkt. No. 1. Cohn also filed an application to proceed *in forma pauperis* ("IFP Application") and a motion for appointment of counsel. Dkt. Nos. 2, 3.

## I.    The IFP Application

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While

---

[1] Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

In the IFP Application, Cohn states that he last worked in April 2018, last earned pay in May 2018, and his unemployment insurance ended in July 2018. Cohn states that he receives $690 per month in social security disability payments. Further, Cohn states that he has $5,000 in a checking or savings account and owns $6,500 in an individual retirement account. Cohn also states, in his motion for appointment of counsel, that his home is valued at $99,000, and he has no dependents. Further, Cohn states that he has regular monthly expenses of $327 for AOAO fees, $35 for the bus, $125 for electricity, $60 for a phone, and $225 for credit cards. Cohn also states that he owes $3,500 in attorney's fees related to a probate matter.

In light of the record set forth above, the Court finds that Cohn has shown an inability to pay or give security for the $400 filing fee while still affording the necessities of life. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015); *see also Mosely v. Awerbach*, 2006 WL 2375050, at *3 (M.D. Fla. Aug. 15, 2006) (finding that an IFP applicant's property ownership did not affect her indigent

status because she had no net income to allow for payments on any loan against the property).   As a result, the Court GRANTS the IFP Application, Dkt. No. 2.

## II.     Screening of Cohn's Complaint

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."   28 U.S.C. § 1915(e)(2)(B).   In doing so, the Court liberally construes a pro se Complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).   However, the Court cannot act as counsel for a pro se litigant or supply the essential elements of a claim.   *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### A.     The Complaint

In his Complaint, Cohn brings a claim of employment discrimination for failure to hire on account of his disability.   Although the form on which Cohn filed the Complaint states that the claim is being brought under Title VII of the Civil Rights Act of 1964 (Title VII), because the claim is premised upon alleged disability discrimination, the Court construes the claim as having been brought under the Americans with Disabilities Act (ADA).

Cohn makes the following factual allegations. He was not hired for "position(s)" at the "Valor in the Pacific group of monuments." He received a score of 91, but he did not receive any points for being blind or permanently disabled. Cohn is a veteran, and he asserts that, as such, he should have received 10 points for being blind, 10 points for being permanently disabled, and 10 points for being a veteran. For these categories, however, he received 0 points. He further alleges that he worked at the USS Arizona Museum Association between 1999 and 2000, and he read over 150 books on segregation in the military during the period 1776 to 1954. He also alleges that he filed charges with the Equal Employment Opportunity Commission (EEOC) or a state agency in 2016.

The ADA prohibits certain employers from discriminating against a "qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

Under the ADA, Cohn bears the burden of proving that (1) he is disabled within the meaning of the statute, (2) he is a "qualified individual" under the statute, and (3) he was discriminated against because of his disability. *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 988 (9th Cir. 2007) (en banc).

First, the ADA defines "disability" as, *inter alia*, "a physical or mental impairment that substantially limits one or more major life activities of [an] individual." 42 U.S.C. § 12102(1)(A). The ADA states that "seeing" is a major life activity. *Id*. § 12102(2)(A). In the Complaint, Cohn alleges that he is "legally blind." As a result, for present purposes, the Court finds that Cohn has alleged that he is disabled under the ADA.

Second, the ADA defines a "qualified individual" as someone "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). In the Complaint, Cohn does not allege the essential functions of any employment position. In fact, Cohn does not even allege the position(s) for which he applied.[2] It is, thus, impossible for the Court to assess whether Cohn could perform the essential functions of any job for which he may have applied.[3] As a result, in any amended complaint he may file, Cohn must allege: (1) the position or positions to which he applied, (2) the essential functions of the position or positions, and (3) whether he could perform those essential functions with or without a reasonable accommodation.

---

[2] Given that Cohn alleges that he was not hired for "the position(s)," he may have applied for more than one.

[3] The Court notes that Cohn alleges he previously worked at the USS Arizona Museum Association and he read a large number of books on segregation in the military. Assuming Cohn made those allegations in an attempt to suggest he was qualified for the positions for which he applied, it is still impossible to assess whether his previous employment and reading of books made him qualified for any position, given that Cohn does not allege the positions for which he applied.

Third, Cohn alleges that he did not receive points to which he was entitled as a blind veteran with a permanent disability, and he was not hired for at least one position. Although these allegations suggest that Cohn is disabled and he was not hired for a position, there are no allegations that Defendant was aware of his disability. Cohn appears to allege that he applied for a position or positions through "USA jobs," but he does not allege that, in so applying, he informed prospective employers that he was disabled. Thus, based on the current state of the alleged facts, the Court cannot say that Cohn has alleged that he was not hired *because of his disability*. *See Lopez v. Pacific Mar. Ass'n*, 657 F.3d 762, 765 (9th Cir. 2011) (explaining that a plaintiff informing an employer of his protected status *after* an employment action had no bearing on whether the employer acted *because of* the protected status). Therefore, in any amended complaint he may file, Cohn must allege whether and how Defendant was aware of his disability.[4]

---

[4] The Court notes that Cohn's claim may be time-barred. Under the ADA, an individual must follow the administrative procedures set forth in Title VII. *Sharkey v. O'Neal*, 778 F.3d 767, 770 (9th Cir. 2015). As a result, an individual is required to file a complaint with the EEOC or an appropriate state or local agency within, respectively, 180 or 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). The individual must then bring a civil suit within 90 days after the agency or EEOC notifies the individual of his right to sue. *Id*. § 2000e-5(f)(1); *see Payan v. Aramark Mgmt. Services Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007) (explaining that the 90-day period operates as a "limitations period," and "[i]f a litigant does not file suit within ninety days of the date EEOC dismisses a claim, then the action is time-barred.") (quotation and alteration omitted). Here, Cohn alleges that he filed charges with the EEOC or a state agency in 2016. There is, however, no allegation as to when a notice of right to sue letter was issued or when Cohn received the notice of right to sue letter. Cohn also failed to attach the notice of right to sue letter to the Complaint. At this juncture, though, the Court does not dismiss Cohn's claim on this basis, as compliance with the statute of limitations is not a pleading requirement. *See Payan*, 495 F.3d at 1122-23.

In summary, Cohn's claim of employment discrimination under the ADA is DISMISSED WITHOUT PREJUDICE. Cohn may file an amended complaint that addresses the deficiencies described above.

Should Cohn choose to file an amended complaint, he may not incorporate any part of the original complaint, Dkt. No. 1, in the amended complaint. Rather, all allegations must be re-typed or re-written in their entirety. To the extent a claim is not re-alleged in an amended complaint, the claim may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (stating that claims dismissed with prejudice need not be re-alleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

### III. The Motion for Appointment of Counsel

Cohn has also moved for appointment of counsel in this case. There is no constitutional right to the appointment of counsel in employment discrimination cases. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In addition, even if the Court indicates an intention to seek appointment of counsel, there is no guarantee that any attorney on the Civil Pro Bono Panel for this District will accept appointment. *See* Rule 3(D) of the Rules for Civil Pro Bono Panel for the U.S. Dist. Ct. of Haw. (providing that an attorney selected may accept or decline appointment within ten days of notice).

Courts generally consider the following three factors in determining whether to appoint counsel: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Johnson v. U.S. Treasury Dep't*, 27 F.3d 415, 416-417 (9th Cir. 1994). A plaintiff has the burden of persuasion as to all three factors, and an unfavorable finding as to any one factor may be fatal to the request. *See Williams v. 24 Hour Fitness USA, Inc.*, 2014 WL 7404604, at *2 (D. Haw. Dec. 30, 2014). "The decision to appoint counsel is left to the sound discretion of the district court." *Johnson*, 27 F.3d at 416.

Here, as discussed earlier, Cohn has shown a lack of financial resources at this time to pay for an attorney's services. In the motion for appointment of counsel, Cohn states that he has contacted two attorneys to represent him in this action, and he appears to state that he has not been able to come to an agreement with any of them on terms he can afford. He does not state, though, the terms any of the attorneys have proposed, including whether a contingency fee arrangement has been discussed. In addition, it does not appear that Cohn has attempted to contact free legal services such as those provided by Volunteer Legal Services Hawaii or other referral services in the local legal community. As a result, on the present record, the Court finds that Cohn has not made a reasonably diligent effort under the circumstances to obtain counsel. *See Williams*, 2014 WL 7404604, at *3 (finding

that the plaintiff did not make reasonably diligent efforts where he contacted seven attorneys, and generally asserted that he was unable to find an attorney willing to represent him on terms that he could afford). Finally, at this early juncture in the case, where the Court has dismissed Cohn's claim of employment discrimination for failing to state a claim for relief, the Court does not find that this action is presently sufficiently meritorious to warrant appointment of counsel.

Therefore, with two of the three factors not supporting appointment, the Court declines to refer Cohn for appointment of counsel and DENIES the motion for appointment of counsel.

## IV. Conclusion

Cohn's application to proceed *in forma pauperis*, Dkt. No. 2, is GRANTED. Cohn's motion for appointment of counsel, Dkt. No. 3, is DENIED.

The Complaint, Dkt. No. 1, is DISMISSED WITHOUT PREJUDICE with leave to amend as set forth herein.

Cohn may have until **February 5, 2019** to file an amended complaint. **The Court cautions Cohn that failure to file an amended complaint by February 5, 2019 may result in the automatic dismissal of this action without prejudice.**

IT IS SO ORDERED.

Dated: January 3, 2019 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge