# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| GEORGE R. COHN,<br><br>    Plaintiff,<br><br>v.<br><br>DAN SMITH, *Deputy and Acting Director NPS*,<br><br>    Defendant. | Case No. 18-cv-00487-DKW-RT<br><br>**ORDER DISMISSING CASE** |

On December 12, 2018, Plaintiff George R. Cohn, proceeding pro se, filed a Complaint against Dan Smith, as the Deputy and Acting Director of the National Park Service (NPS). Dkt. No. 1. Cohn also filed an application to proceed *in forma pauperis* ("IFP Application") and a motion for appointment of counsel. Dkt. Nos. 2, 3. In a January 3, 2019 Order, the Court granted the IFP Application, denied the motion for appointment of counsel, and dismissed the Complaint with leave to amend. Dkt. No. 5. The January 3, 2019 Order gave Cohn until February 5, 2019 to file an amended complaint and cautioned Cohn that failure to do so may result in dismissal of this action without prejudice. As of the date of this Order, however, Cohn has yet to file an amended complaint or otherwise respond to the January 3, 2019 Order. As a result, this action is dismissed without prejudice.

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)  Before dismissing such an action, a court should weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1260-61).  Upon careful consideration of these factors, the Court concludes that dismissal without prejudice is warranted under the circumstances.

First, Cohn's failure to respond to the January 3, 2019 Order hinders resolution of this case on the merits, and, thus, the public's interest in expeditious resolution of litigation.  As such, this factor favors dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").

Second, Cohn's failure to respond to the January 3, 2019 Order hinders this Court's ability to manage its docket.  Simply put, this Court cannot manage its docket if litigants, like Cohn, fail to timely respond to the Court's instructions and orders.  As such, this factor favors dismissal.

Third, the risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). Here, Cohn offers no excuse or explanation for his failure to respond to the January 3, 2019 Order. When a party offers a poor excuse (or, in this case, no excuse) for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991–92. As a result, this factor favors dismissal.

Fourth, the Court attempted to avoid a less drastic alternative to dismissing this case when it provided Cohn with an opportunity to amend his Complaint and guidance on how to do so, and warned him that failure to file an amended complaint within the time allowed may result in dismissal of this action without prejudice. Cohn, though, has not availed himself of this opportunity, and, thus, the only alternative would be to allow allegations that do not state a claim to proceed. The Court declines to do that. As a result, this factor favors dismissal. *See Ferdik*, 963 F.2d at 1262 (explaining that less drastic alternatives were considered when the district court tried alternatives and warned the plaintiff that failure to comply would result in dismissal).

Finally, because public policy favors the disposition of cases on their merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. The Court notes, though, that dismissal here is without prejudice.

In summary, with four of the five factors favoring dismissal, this case is DISMISSED WITHOUT PREJUDICE for failure to comply with the January 3, 2019 Order and failure to prosecute. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (concluding that, when the other factors favor dismissal, they are not outweighed by the public policy in favor of resolving a case on the merits); *see also Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) (explaining that "dismissal without prejudice is a more easily justified sanction for failure to prosecute.").

The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: March 14, 2019 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Cohn v. Smith*; Case No. 18-cv-00487-DKW-RT; **ORDER DISMISSING CASE**